UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIVIA M. SCOTTO,<br><br>    Plaintiff,<br><br>    v.<br><br>THE COMMISSION, ARNSTEIN LEHR, U.S. DISTRICT COURTS, and UNITED STATES,<br><br>    Defendants. | Civil Action No. 23-2870 (RK) (DEA)<br><br>**MEMORANDUM OPINION** |

**KIRSCH, District Judge**

    **THIS MATTER** comes before the Court upon Plaintiff Livia M. Scotto's ("Plaintiff") application to proceed *in forma pauperis*, (ECF No. 1-1), together with her Complaint against various Defendants. (ECF No. 1). Also pending is Plaintiff's "Motion for Extension of Time to File." (ECF No. 11.) For the reasons explained below, Plaintiff's application to proceed *in forma pauperis* is **DENIED**, Plaintiff's Complaint is **DISMISSED** without prejudice, and Plaintiff's Motion for Extension is **DENIED**. Plaintiff will have thirty (30) days to file an amended complaint with a renewed application to proceed *in forma pauperis*.

**I.    BACKGROUND**

    The Court received Plaintiff's Complaint on May 12, 2023. (Compl., ECF No. 1.) The three-paged Complaint comprises snippets of legal phrases printed in large font. (*Id.*) The first page lists Defendants The Commission, Arnstein Lehr, U.S. District Courts, and the United States, and states that it is a "motion to remove the records from the venue on necessity." (*Id.* at 1.) The next two pages list words that suggest theories of liability, e.g. "Standard Of Care HUMAN RIGHTS ABUSES / TORTURE INTENTIONAL INFLICTIONS OF HARMS" and "MEDICAL

TORT MISFEASANCE." (*Id.* at 2–3.) The second page also states a "DEMAND FOR ACTUAL PERCUNIARY SPECIAL HARMS FOR PUNITIVE DAMAGES $99775 BILLION .000.000.000.00." (*Id.* at 2.) Attached to the Complaint is a 25-page exhibit that names individuals and entities and states they are liable pursuant to various legal theories. (ECF No. 1-3.)[1]

Plaintiff also filed an application to proceed *in forma pauperis* ("IFP"). (ECF No. 1-1.) Plaintiff's name appears on the application, but it is not dated. (*Id.* at 1.) Plaintiff lists no income under each listed category on the form, but reports her total monthly income as $1,020. (*Id.* at 2.) The form does not indicate the source of Plaintiff's income, as the section for employment history is marked "not applicable." (*Id.* at 2.) In the "cash" section of the form, it appears to indicate that Plaintiff has overdrawn on her checking account and owes several hundred dollars in credit card debt. (*Id.* at 2.) The assets section appears to state Plaintiff owns a home "in name of my sister Carmela A. Sciabara" that is worth $5,950,000. (*Id.* at 3.) The form also lists the "Concetta Scotto Trust" as an asset worth $8,500,000. (*Id.* at 3.) Under the dependents section, Plaintiff listed her 70-year-old sister as well as what appear to be a number of service dogs and puppies. (*Id.* at 3.) The values listed in the chart for monthly living expenses vary wildly from a reported $890 on rent or mortgage payments to $14,750 for laundry and dry-cleaning expenses. (*Id.* at 4.) The last page reports that Plaintiff has paid an attorney for assistance in this matter, and that the amount paid so far totals at least $45,000. (*Id.* at 5.)

On September 20, 2023, Plaintiff filed a 219-page "Motion for Extension of Time to File." (ECF No. 11.) The submission includes pages of Plaintiff's notes listing theories of liability, legal filings from unrelated cases, and email correspondence, among other documents. (*Id.*)

---

[1] Since the Court received Plaintiff's Complaint on May 12, 2023, Plaintiff has made eight additional filings on the docket, comprising in total approximately 2,700 pages of typed pages. (ECF Nos. 3–10.)

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(a), the District Court may authorize a plaintiff to proceed IFP and order a complaint to be filed without requiring the prepayment of filing fees. The statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). However, to guard against potential "abuse" of "cost-free access to the federal courts," *id.* (citing *Denton v. Hernandez*, 504 U.S. 25, 29 (1992)), section 1915(e) empowers the District Court to dismiss an IFP complaint if it "is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e).

Thus, the District Court engages in a two-step analysis when considering a complaint filed with an IFP application: "First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). . . . Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e)." *Archie v. Mercer Cnty. Courthouse,* No. 23-3553, 2023 WL 5207833, at *2 (D.N.J. Aug. 14, 2023) (citing *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)).

## III. DISCUSSION

### A. *In Forma Pauperis* Application

The IFP statute requires a plaintiff to submit "an affidavit stating all income and assets" and "the plaintiff's inability to pay the filing fee." *Martinez v. Harrison*, No. 23-3513, 2023 WL 5237130, at *1 (D.N.J. Aug. 15, 2023) (citing § 1915(a) and *Glenn v. Hayman,* No. 07-112, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007)). In the IFP application, the plaintiff "must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Gross v. Cormack*, No. 13-4152, 2013 WL 5435463, at *2 (D.N.J. Sept. 27, 2013) (citing *Simon v. Mercer Cnty. Comm. College*, No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb 9, 2011)).

3

Here, Plaintiff filled out the IFP application thoroughly. Each box on the five-page form has a value. However, if taken at face value, the values entered in the application preclude finding that Plaintiff is unable to afford the filing fee. Plaintiff's listed income of $1,020 per month is plausible, (ECF No. 1-1 at 2), but Plaintiff does not indicate its source, as Plaintiff states she is unemployed. (*Id.* at 2.) The application discloses assets worth $5,950,000 (a home) and $8,500,000 (a trust). (*Id.* at 3.) The application reports monthly living expenses, including $890 for rent or mortgage payments and $14,750 for laundry and dry-cleaning expenses. (*Id.* at 4.) The application states that Plaintiff has expended at least $45,000 to pay for an attorney in this matter. (*Id.* at 5.)

While portions of the IFP contain plausible figures that would support permitting Plaintiff to proceed *in forma pauperis*, other sections state that Plaintiff has access to significant assets and expends tens of thousands of dollars each month on expenses such as laundry and dry-cleaning, utilities, and food. Assuming that these figures are accurate, the Court cannot conclude that Plaintiff is unable to afford prepayment of fees. Therefore, the Court denies Plaintiff's application without prejudice for Plaintiff to refile an application.

### B.     Complaint Screening

Even if the Court denies the IFP application, the Court still has discretion to review the merits of an IFP complaint. *See Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (citing 10 James Wm. Moore et al., Moore's Federal Practice § 54.104(1)(a) (3d ed. 2019)). The Court may dismiss any claims that are "(1) . . . frivolous or malicious; (2) fail[] to state a claim upon which relief may be granted; or (3) seek[] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A court must be mindful to hold a *pro se* plaintiff's complaint to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A complaint's claims must also be supported by "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 further requires that the

Complaint's allegations are "simple, concise, and direct." R. 8(d). Although Rule 8's requirements likewise apply "flexibl[y]" to a *pro se* plaintiff, *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013), a plaintiff is "not absolved from complying with *Twombly* and the federal pleading requirements merely because [he] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted).

Plaintiff's Complaint does not pass muster under Rule 8(a). The Complaint fails to answer basic questions necessary for the Court and Defendants to understand the nature of Plaintiff's claims, such as the who, what, where, and when of the wrongdoing Plaintiff seeks redress for in federal court.[2] Plaintiff's several thousand pages in additional submissions, filed since the Complaint was first tendered, do not clarify who wronged Plaintiff and how. Thus, the Complaint fails to provide a "short and plain statement" putting Defendants on notice of the conduct Plaintiff complains about. *See* Fed. R. Civ. P. 8(a)(2). Therefore, the Complaint is dismissed without prejudice for Plaintiff to file an amended complaint correcting the identified defects.

### C.     Motion for Extension of Time to File

Plaintiff's September 20, 2023 Motion, labeled a "Motion for Extension of Time to File," (ECF No. 11), suffers the same defect as her Complaint. Federal Rule of Civil Procedure 7(b)(1) requires that any motion must "(B) state with particularity the grounds for seeking the order" and also "(C) state the relief sought." Even accounting for Plaintiff's *pro se* status, the 219-page motion does not explain what action Plaintiff seeks the Court to take or her basis for requesting such relief. (ECF No. 11.) While the motion is labeled as one seeking an "extension of time to file," the document itself is not clear what filing deadline Plaintiff seeks to extend. Therefore, the Court is unable to determine whether and what relief is appropriate. Plaintiff's Motion is denied.

---

[2] Should Plaintiff opt to re-file her Complaint, the Court urges her to take advantage of the resources this District provides *pro se* litigants explaining how to file suit and what a *pro se* Complaint can look like. *See* https://www.njd.uscourts.gov/sites/njd/files/ProSePacket_1.pdf.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint is **DISMISSED** without prejudice; Plaintiff's application to proceed *in forma pauperis* is **DENIED**; and Plaintiff's Motion for Extension of Time to File is **DENIED**. Within thirty (30) days, Plaintiff may file an amended complaint that fixes the errors identified in this Opinion and submit a new application to proceed *in forma pauperis*. An appropriate Order will accompany this Opinion.

ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE

Dated: October 10th , 2023