# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

LIVIA M. SCOTTO,

    Plaintiff,

       v.

THE COMMISSION, ARNSTEIN LEHR,
U.S. DISTRICT COURTS, and UNITED
STATES,

    Defendants.

Civil Action No. 23-2870 (RK) (DEA)

**<u>MEMORANDUM ORDER</u>**

**<u>KIRSCH, District Judge</u>**

**THIS MATTER** comes before the Court upon Plaintiff Livia M. Scotto's ("Plaintiff")

renewed application to proceed *in forma pauperis*, (ECF No. 16), together with her amended

Complaint against various Defendants, (ECF No. 14). Also pending are Plaintiffs' three Motions

to Reopen Case. (ECF Nos. 15, 20, 24.) For the reasons explained below, Plaintiff's application to

proceed *in forma pauperis* is **GRANTED**, Plaintiff's Complaint is **DISMISSED** without

prejudice, and Plaintiffs' three Motions to Reopen Case are **DENIED** as moot. Plaintiff will have

forty-five (45) days to file an amended complaint.

## I.    <u>BACKGROUND</u>

The Court received Plaintiff's original Complaint and *in forma pauperis* ("IFP")

application on May 12, 2023. (ECF No. 1.) The Court denied the IFP application without prejudice

and dismissed the Complaint without prejudice after screening it pursuant to 28 U.S.C.

§ 1915(e)(2)(B). (ECF No. 12, 13.) The Court determined that the Complaint failed to meet Federal

Rule of Civil Procedure 8(a)'s requirement that the pleading contain a "a short and plain statement

. . . showing that the pleader is entitled to relief." (*Id.* at 4–5 (quoting Fed. R. Civ. P. 8(a)).) The

Complaint's twenty-eight pages, which largely contained snippets of legal phrases printed in large font, was inadequate:

> The Complaint fails to answer basic questions necessary for the Court and Defendants to understand the nature of Plaintiff's claims, such as the who, what, where, and when of the wrongdoing Plaintiff seeks redress for in federal court. Plaintiff's several thousand pages in additional submissions, filed since the Complaint was first tendered, do not clarify who wronged Plaintiff and how. Thus, the Complaint fails to provide a "short and plain statement" putting Defendants on notice of the conduct Plaintiff complains about. *See* Fed. R. Civ. P. 8(a)(2). Therefore, the Complaint is dismissed without prejudice for Plaintiff to file an amended complaint correcting the identified defects.

(*Id.* at 5.)

Plaintiff filed a 100-page Amended Complaint on October 10, 2023. (ECF No. 14.) Plaintiff filed an amended IFP application on November 14, 2023. (ECF No. 16.) Plaintiff has three pending Motions to Reopen the Case for purposes of deciding her IFP application, filed on November 14, December 7, and December 18, 2023. (ECF Nos. 15, 20, 24.) In the interim, Plaintiff has filed two motions, seeking to "Remove Case from The Supreme Court and Motion for Change of Venue from the Supreme Court to U.S.D.C.," (ECF No. 17), and Appoint Council to Remove Case and Records from the Supreme Court Kings Co. New York Index #520600-2021 Transfer Case to this Court for Jury Trial on Grounds of Fraud," (ECF No. 19), which the Honorable Douglas E. Arpert denied on January 19, 2024, (ECF No. 25). On December 18, 2023, Plaintiff appealed this Court's initial decision denying her IFP application and dismissing her Complaint, (ECF Nos. 21–23), which the Third Circuit Court of Appeals dismissed on February 28, 2024 for failure to timely prosecute the appeal. (Court of Appeals No. 23-3185, Dkt. No. 7.)

## II.   <u>LEGAL STANDARD</u>

Pursuant to 28 U.S.C. § 1915(a), the District Court may authorize a plaintiff to proceed IFP and order a complaint to be filed without requiring the prepayment of filing fees. The statute "is

designed to ensure that indigent litigants have meaningful access to the federal courts." *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). However, to guard against potential "abuse" of "cost-free access to the federal courts," *id.* (citing *Denton v. Hernandez*, 504 U.S. 25, 29 (1992)), section 1915(e) empowers the District Court to dismiss an IFP complaint if it "is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e).

The District Court engages in a two-step analysis when considering a complaint filed with an IFP application: "First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). . . . Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e)." *Archie v. Mercer Cnty. Courthouse,* No. 23-3553, 2023 WL 5207833, at *2 (D.N.J. Aug. 14, 2023) (citing *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)).

## III.    DISCUSSION

### A.    *In Forma Pauperis* Application

The IFP statute requires a plaintiff to submit "an affidavit stating all income and assets" and "the plaintiff's inability to pay the filing fee." *Martinez v. Harrison*, No. 23-3513, 2023 WL 5237130, at *1 (D.N.J. Aug. 15, 2023) (citing § 1915(a) and *Glenn v. Hayman*, No. 07-112, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007)). In the IFP application, the plaintiff "must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Gross v. Cormack*, No. 13-4152, 2013 WL 5435463, at *2 (D.N.J. Sept. 27, 2013) (citing *Simon v. Mercer Cnty. Comm. College*, No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb 9, 2011)). Plaintiff's renewed IFP application here has established her inability to pay the filing fee, as the application shows Plaintiff has a monthly income of only $1,040 but monthly expenses of significantly more than that. (ECF No. 16.) Therefore, Plaintiff's IFP application is **GRANTED**.

###### B.    Complaint Screening

Notwithstanding the granting of the IFP application, the Court still has discretion to review the merits of an IFP complaint. *See Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (citing 10 James Wm. Moore et al., Moore's Federal Practice § 54.104(1)(a) (3d ed. 2019)). The Court may dismiss any claims that are "(1) . . . frivolous or malicious; (2) fail[] to state a claim upon which relief may be granted; or (3) seek[] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A court must be mindful to hold a *pro se* plaintiff's complaint to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A complaint's claims must also be supported by "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 further requires that the Complaint's allegations are "simple, concise, and direct." R. 8(d). Although Rule 8's requirements likewise apply "flexibl[y]" to a *pro se* plaintiff, *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013), a plaintiff is "not absolved from complying with *Twombly* and the federal pleading requirements merely because [she] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted).

Like her originally-filed Complaint, (ECF No. 1), Plaintiff's amended Complaint violates Rule 8(a). The amended Complaint comprises 100 pages of legal phrases and names without a coherent explanation of the who, what, where, and when of the wrongdoing Plaintiff seeks redress for in federal court. The Court again directs Plaintiff to the resources this District provides *pro se* litigants explaining how to file suit, which instruct:

> State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of

4

related claims, number and set forth each claim in a separate paragraph.

*See* https://www.njd.uscourts.gov/sites/njd/files/ProSePacket_1.pdf. Plaintiff's amended Complaint is again **DISMISSED** pursuant to 28 U.S.C. § 1915(e). Failure to correct the identified deficiencies by filing a similar amended complaint that does not comply with Rule 8(a) will result in this matter being dismissed with prejudice.

**IT IS** on this 28th day of February, 2024, **ORDERED** that:

1. The Clerk's Office is directed to reopen this matter for the limited purpose of deciding Plaintiff's IFP application and screening her complaint pursuant to 28 U.S.C. § 1915(e);

2. Plaintiff's renewed application to proceed *in forma pauperis* (ECF No. 16) is **GRANTED**;

3. Plaintiff's Complaint (ECF No. 14) is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e);

4. Plaintiff's Motions to Reopen the Matter (ECF Nos. 15, 20, 24) are **DENIED** as moot;

5. The Clerk's Office is directed to **TERMINATE** the motions pending at ECF Nos. 15, 20, and 24 and **CLOSE** this matter;

6. Plaintiff may have this case reopened within forty-five (45) days of the date of entry of this Order by filing an amended complaint that corrects the deficiencies identified in this Memorandum Order;

7. If Plaintiff chooses not to file an amended complaint, this matter will be dismissed with prejudice;

8. Upon receipt of an amended complaint within the time allotted by this Court, the Clerk will be directed to reopen this case;

9.  The Summons shall not issue at this time, as the Court's *sua sponte* screening of the amended complaint has not yet been completed; and

10. The Clerk's Office shall serve on Plaintiff by regular U.S. mail this Memorandum Order to her address of record.

_____

**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**